## Thomas Minor Junior *versus* Joel Deland.

The *St.* 1834, *c.* 184, § 5, provides, " that any person who shall suffer an injury to his land by " cattle, &c. " belonging to another, unless the owner thereof shall be in possession of contiguous land from which such animals shall have escaped through the neglect of the person injured to maintain his part of the division fence," may impound, &c. The owner of a tract of land conveyed a portion of it to the town in which it lay, by a deed containing this clause : — " and it is for the use of a burying-place ; if the above described land shall be inclosed with a fence, the same is to be done by the inhabitants aforesaid ;" and the town accepted the deed and built a division fence, but did not keep it in repair, and in consequence of this neglect the cattle of the person in the possession of the contiguous land escaped therefrom into the burying-place, and thereupon the town impounded them. It was *held*, that the town was bound to maintain the fence and that the impounding was, therefore, unlawful.

Trespass for taking and impounding the plaintiff's cattle.

At the trial in the Court of Common Pleas, before *Williams* J., it appeared, that the defendant had been chosen agent, by the town of Tyringham, for the purpose of taking care of the burying-ground in that town and defending it from trespassers ; that the cattle in question were taken by the defendant damage-feasant, in the burying-ground, on the 10th of August, 1835, and impounded, the defendant being poundkeeper ; and that they were subsequently returned to the plaintiff and accepted by him.

It further appeared, that the land for the burying-ground was conveyed to the town by Eben Chadwick, the former owner of the adjoining land occupied by the plaintiff, by a deed containing the following clause : " and it is for the use of a burying-place ; if the above described land or any part of it, shall be enclosed with a fence, the same is to be done by the inhabitants aforesaid ; " that the town erected a stone wall between such burying-ground and the plaintiff's adjoining land ; and that this wall had fallen down, and at the time of the impounding, was not a legal and sufficient fence within the provisions of the statute on this subject.

By *St.* 1834, *c.* 184, § 5, a "*person*, who shall suffer an injury in his land by " cattle, &c. " belonging to another, unless the owner thereof shall be in possession of contiguous land, from which such animals shall have escaped through the neglect of

the person injured to maintain his part of the division fence, may have and maintain an action of trespass *quare clausum fregit* against the owner of the same for his damages ; or he may impound and restrain the creatures doing the damage, or some of them, at his election," &c.

The jury were instructed, that the defendant was entitled to a verdict ; and they returned a verdict accordingly.

The plaintiff excepted.

*Porter*, for the plaintiff.

*Bishop*, for the defendant, cited *Rust* v *Low*, 6 Mass. R. 90.

WILDE J. delivered the opinion of the Court.

At the trial of this cause in the Court of Common Pleas, the jury were instructed upon the facts reported, that the defendant was entitled to a verdict, which was returned accordingly. The question now is, whether this instruction was correct.

At common law, the tenant of a close was not bound to fence against an adjoining close, unless by force of prescription or agreement ; and it is said in the latter case, where the tenant had agreed to fence, yet he could not be compelled to fence ; and the party injured had no remedy, but by an action on the agreement. *Rust* v. *Low*, 6 Mass. R. 90.

But these principles of the common law have been modified by the *St.* 1834, *c.* 184 ; and this case depends on the construction to be given to that statute. By the 5th section, it is provided, that any person who shall suffer an injury in his land by cattle, &c. " belonging to another, unless the owner thereof shall be in possession of contiguous land, from which such animals shall have escaped through the neglect of the person injured to maintain his part of the division fence, may have and maintain an action of trespass *quare clausum fregit* against the owner of the same for his damages ; or he may impound ard restrain the creatures doing the damage, or some of them, at his election."

By the obvious construction of this provision of the statute, the defendant, as the agent of the town of Tyringham, had no right to impound the plaintiff's cattle, if they escaped from his field, which was contiguous to that of the town, through their neglect to maintain the division fence, which they were bound

Minor
v.
Deland.

to maintain. The *locus in quo* was purchased by the town for the burying-ground from one Eben Chadwick, the former owner of the land occupied by the tenant ; and in the deed to the town there is the following clause, viz. " and it is for the use of a burying place ; if the above described land, or any part of it, shall be enclosed with a fence, the same is to be done by the inhabitants aforesaid."

Now, although there is no express agreement of the town to fence, yet we think, that by accepting the deed, the town were bound to maintain a fence, if it should be necessary to prevent the plaintiff's clattle from escaping from his field into the burying-ground. And it clearly was necessary ; for the plaintiff had a right to occupy and depasture his own field ; and the escape was through the neglect of the town, within the true meaning of the statute.

*New trial granted.*